Anon.

---

ANON.

Where an action for the dissolution of a copartnership and an accounting is brought, and the parties settle the suit without the knowledge of the plaintiff's attorney, the court will not order the appointment of a receiver of the partnership property to secure the lien of the plaintiff's attorney.

All that the court will do, in such a case, for the protection of the attorney's lien, will be to allow him to proceed in the suit and enter up judgment for the amount of his costs.

SPECIAL TERM, *August*, 1869.

THIS was an action for the dissolution of a copartnership and for an accounting. The parties, plaintiff and defendant,

settled the suit without consulting the plaintiff's attorney, who now applied for the appointment of a receiver of the partnership property to secure his lien for the payment of his costs.

*C. Goep*, for the plaintiff.

———  ———— for the defendant.

DALY, F. J., said that the attorney had no lien upon the partnership property. The extent to which the courts had gone to enforce the equitable lien which the attorney had for the payment of his costs was to allow the attorney to go on and enter up judgment for the amount of his costs. A receiver is not appointed in actions for the dissolution of a partnership as a matter of course, but only where such a measure is absolutely necessary to protect the property in cases where there is proof of such a breach of the partnership duty as to warrant the apprehension that the other party may make way with the property or carry on the business solely for his individual benefit, so as to impair or wholly defeat the object for which the suit was brought. It is the policy of courts of equity, moreover, in such cases, to encourage the parties to come to some arrangement which might dispense with the aid of the court, in view of the delay, expense, and loss which is inevitable if resort must be had to extreme equitable remedies to determine and enforce the rights of the respective partners. The settlement of the suit, therefore, by the partners was to be regarded favorably, and the court would not order the whole of the partnership property into the hands of a receiver, because they had, in their settlement, omitted to pay or to make any provision for the payment of the costs of the attorney. As the attorney notified the defendant, before the settlement, of his claim for costs, the court would allow him to go on in the suit and enter up judgment for the amount of the costs. This is the extent of his remedy and one that would be as complete or effectual as any judgment is in an ordinary action.

Motion denied.